### THE PEOPLE *vs.* E. BISHOP.

An *assault and battery* cannot be compromised *after conviction.*

CASE submitted for advice of court. This case is precisely like the last, except that the party prosecuting *after conviction* of the defendant acknowledged to have received satisfaction for the injury; on which state of facts the court of general sessions of Yates was moved that the defendant be discharged from the conviction. The court respited the recognizance of the defendant until the next general sessions, so as in the mean time to obtain the advice of this court.

Nov. 18th.

*By the Court,* SAVAGE, Ch. J. The general sessions have no jurisdiction in this matter. The conviction remains before the special sessions, and it is their duty to cause their judgment to be executed. An acknowledgment of satisfaction by the injured party for the injury sustained by him *after con-*

*viction* will not authorise any court to discharge the defendant. An offence for an assault and battery or other misdemeanor, except in certain cases, may be compromised either *before or after an indictment* 2 R. S. 730, § 68, *et seq.*; but I know of no authority to sanction a compromise after conviction.